NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROSA DENNIS, individually and
as successor-in-interest to PATRICK W.
DENNIS (Deceased),

          Plaintiff - Appellant,

  v.

FOSTER WHEELER ENERGY
CORPORATION; FOSTER WHEELER
LLC,

          Defendants - Appellees,

and

AIR AND LIQUID SYSTEMS
CORPORATION, sued individually and as
successor-by merger to Buffalo Pumps,
Inc., AMTROL, INC., individually and as
successor-in interest to H.A.
TRUSH, VIACOMCBS INC., formerly
known as CBS Corporation; formerly
known as Viacom Inc successor by merger
to CBS Corporation, a Pennsylvania
corporation; formerly known as
Westinghouse Electric
Corporation, GENERAL ELECTRIC
COMPANY, VIAD CORP, sued

No. 23-4283

D.C. No.
2:19-cv-09343-GW-KS

MEMORANDUM*

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

individually and as successor-in-interest to
GRISCOME RUSSELL
COMPANY, CRANE COMPANY, sued
individually and as successor-in-interest to
Chapman Valve Company, DOES, 1
through 400 Inclusive,

Defendants.

Appeal from the United States District Court
for the Central District of California
George H. Wu, Senior District Judge, Presiding

Argued and Submitted March 4, 2025
Pasadena, California

Before: IKUTA and CHRISTEN, Circuit Judges, and LIBURDI, District Judge.[**]

Appellant Rosa Dennis, individually and as successor-in-interest to Patrick Dennis, appeals the district court's order denying jury instructions on her claims for strict liability and punitive damages against Appellees Foster Wheeler Energy Corporation and Foster Wheeler LLC. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review a district court's rejection of proposed jury instructions de novo. *See United States v. Hairston*, 64 F.3d 491, 493-94 (9th Cir. 1995) (stating questions of law arising from proposed jury instructions are reviewed de novo).

---

[**] The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

Relying on *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170 (9th Cir. 2016), the district court denied Appellant's request to instruct jurors on strict liability. In *McIndoe*, we considered whether the builders of a United States naval warship could "be held strictly liable for defects in materials originally installed on the ships they built." *Id.* at 1173. We held that, under the Restatement (Third) of Torts: Products Liability § 19 (1998), a warship is not a "product" that is "distributed commercially for use or consumption." *See McIndoe*, 817 F.3d at 1173. Naval warships are custom built to specifications provided by the United States and sold exclusively to the United States. *See id.* at 1174. They are not "distributed commercially." *Id*. at 1173.

Here, the evidence shows the Navy underwent its customary request for proposal process when procuring Foster Wheeler's boilers for use in naval warships. That process involved the Navy providing detailed specifications for each boiler, "including requirements such as chemical composition, dimensions, required testing and performance demonstrations, required labeling, packaging, and shipping requirements, and similar content." Foster Wheeler followed the Navy's specifications when building the boilers. Naval specifications "required the use of asbestos for the gaskets, the packing, and the insulating block[s]."

Because Appellant offered no evidence to the contrary, there was no triable factual issue over whether the boilers "enter[ed] the general stream of commerce" like "commercially distributed or mass-produced" property. *See id.* at 1173, 1174

n.3. Instead, the only evidence was that the boilers were custom-built property, which, like the naval warship in *McIndoe*, are excluded from the realm of strict products liability. *See id.* at 1173. Therefore, the district court did not err in rejecting Appellant's strict liability jury instruction.

Affirming the district court's decision to exclude the strict liability jury instruction means we need not consider Appellant's arguments concerning the rejected punitive damages instruction.[1]

**AFFIRMED**.

---

[1] Because we do not address punitive damages, Appellees' motion for judicial notice (Docket Entry No. 63) is denied as moot.

23-4283